UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMERON MORRIS,<br><br>          Plaintiff,<br><br>     v.<br><br>CANYON COUNTY COURTHOUSE; CANYON COUNTY PUBLIC DEFENDER'S OFFICE; CANYON COUNTY PROSECUTING ATTORNEY'S OFFICE; SCOTT R. ROWLEY; JUDGE LEE; JUDGE FORD; and ELEONORA SOMOZA,<br><br>          Defendants. | Case No. 1:20-cv-00575-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Cameron Morris's Complaint as a result of Plaintiff's in forma pauperis status. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. § 1915. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case without prejudice.

**1.     Screening Requirement**

The Court reviews complaints filed in forma pauperis to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

2. **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Further, a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Finally, if an "obvious bar to securing relief [appears from] … the face of the complaint," dismissal under § 1915(e)(2)(B) is appropriate. *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

3. **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff complains of actions taken by Canyon County officials—including judges, a prosecutor, and a public defender—in *State v. Morris*, Canyon County Case No. CR14-18-24834, which is a state criminal case. *Compl.* at 4. A review of the iCourt database reveals that this criminal case against Plaintiff remains pending in state court. *See id.*, docket available at https://icourt.idaho.gov/ (accessed March 12, 2021).

However, federal courts usually must abstain from hearing civil rights actions that challenge pending state criminal proceedings. This Court can hear such an action only if "the threat to the plaintiff's federally protected rights … cannot be eliminated by his defense against a single criminal prosecution." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

For a court properly to abstain from hearing a case under the *Younger* doctrine, three factors must be present: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Where abstention is appropriate, a court may entertain the action only if "extraordinary circumstances" are present, including: (1) where irreparable injury is both "great and immediate"; (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions"; or (3) where there is a showing of "bad faith, harassment, or

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

any other unusual circumstances that would call for equitable relief." *Younger*, 401 U.S. at 46, 53–54.

In this case, if this Court were to interfere in Plaintiff's ongoing state criminal case, the principle of comity would not be served. Important state interests are at stake where criminal proceedings are involved, as discussed in *Younger*. Plaintiff has a remedy in the state court system, and there is no indication that the state courts are not fully capable and willing to adjudicate the constitutional issues raised by Plaintiff. Because the three *Younger* abstention factors are present, and because no "extraordinary circumstances" exist to allow Plaintiff to proceed on his federal claims at this time, the Court concludes that abstaining from Plaintiff's civil rights action is appropriate.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Dkt. 2) is DISMISSED without prejudice under the *Younger* doctrine.

DATED: March 16, 2021

_____
B. Lynn Winmill
U.S. District Court Judge